IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLIE LEE TAYLOR**                                                        **PLAINTIFF**

**V.**                                            **CASE NO. 3:11-CV-650**

**SEAN P. BANKS, ET AL.**                                              **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter is before the Court on the Plaintiff's Motion for Summary Judgment [20]. Having carefully considered the motion and applicable law, the undersigned recommends that the Plaintiff's motion be DENIED for the reasons provided herein.

### BACKGROUND

Plaintiff Charlie Lee Taylor is a post conviction prisoner at Mississippi State Penitentiary in Parchman, Mississippi. In January 2008, Taylor was housed at Central Mississippi Correctional Facility ("CMCF") awaiting trial on two pending lawsuits.[1] Taylor filed this 28 U.S.C. § 1983 action alleging that CMCF officers assaulted him and then denied him medical treatment, access to courts, and procedural due process. Taylor claims that CMCF officers planted a cellular telephone, phone charger, and SIM card on him in hopes that he would not report the assault. Still, Taylor filed grievances regarding the assault. He alleges that officers wrote Rule Violation Reports ("RVR's") on him in retaliation. At some point, Taylor filed suit in the Circuit Court of Sunflower County, Mississippi. He claims that after the lawsuit was filed,

---

[1] Taylor states that the following lawsuits were pending in January 2008: *Taylor v. Jones*, No. 2:05-cv-44-KS-MTP (S.D. Miss. Feb. 22, 2008) and *Taylor v. Berry*, No. 2:05-cv-381-KS-MTP (S.D. Miss. Sept. 18, 2008)

1

officers placed him in solitary confinement,[2] confiscated his mail, and refused to issue certificates showing that he had exhausted administrative remedies, which resulted in his case being dismissed.[3] Taylor seeks monetary relief and requests that the retaliatory RVR's written on him be removed from his record.

Since the Plaintiff's claims are based on constitutional grounds, this Court has subject matter jurisdiction over the complaint based on a federal question. *See* 28 U.S.C. § 1331. At this time, the Plaintiff moves for summary judgment [20]. The Defendants have not responded to the motion;[4] however, the Court adheres to Fifth Circuit precedent that an unopposed dispositive motion should not be granted unless there is a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006). Finding no such record, it is necessary for the Court to examine the merits of the Plaintiff's claims.

ANALYSIS

Under Rule 56(a), courts should grant summary judgment if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ. P. 56(a). A material fact issue exists if a jury could reasonably return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When determining whether a genuine fact issue exists, courts "must view the facts and

---

[2]Taylor asserts that officers placed him on "lockdown" based on a false disciplinary report in retaliation for filing grievances against them.

[3]The Plaintiff claims he was placed on "lockdown" during the time when CMCF prison officials started confiscating his outgoing mail. Motion [20] at 2. Also, the Sunflower County Circuit Court dismissed Taylor's case for failure to state a claim, which was based on his failure to show exhaustion of administrative remedies. Doc. [20-1] at 1-2.

[4]A circumstance which occurs with alarming frequency.

the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.,* 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Texas,* 246 F.3d 500, 502 (5th Cir. 2001)). The nonmoving party cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions, but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted); *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

In moving for summary judgment, the Plaintiff relies on the allegations in his complaint and submits documents which appear to be related to other lawsuits he filed against officers at CMCF. The Plaintiff only argues that he is entitled to summary judgment on his claims for denial procedural due process and denial of access to courts. He does not state how his procedural due process rights were violated, nor does he mention the other claims asserted in the complaint. As the Court has not yet held a *Spears* hearing in this case, it is unclear which claims the Plaintiff intends to pursue. Nonetheless, the Court will evaluate the Plaintiff's motion and determine whether he is entitled to summary judgment on the denial of access to courts claim.

Prisoners have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The Supreme Court has protected this right by "prohibiting state prison officials from actively interfering with inmates' attempts to" prepare and file legal documents. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed. 2d 606 (1996). To make a valid claim for denial of access to courts, a plaintiff must show that there has been a "relevant, actual injury stemming from the defendant's unconstitutional conduct." *Brewster v. Dretke,* 587 F.3d 764, 769 (5th Cir. 2009). Courts only provide relief to

inmates "who have suffered, or will imminently suffer, actual harm..." *Lewis,* 518 U.S. at 349.

Taylor alleges that after CMCF officers placed him on "lockdown" on November 20, 2008, he was unable to present evidence to Sunflower County Circuit Court showing that he had exhausted administrative remedies before filing suit. On September 3, 2008, the state court entered an order staying the case for 90 days, during which time Taylor was required to prove he had exhausted administrative remedies.[5] *See* Doc [20-1] at 4. Taylor alleges officers placed him on "lockdown" on November 20, 2008, approximately 12 days before the stay was lifted. Taylor has not alleged that officers interfered with his access to the court prior to being placed in solitary confinement. Instead, he argues that because he was placed on "lockdown," he was unable to submit proof to the court and, therefore, his case was dismissed.

The Plaintiff claims that CMCF officers confiscated his mail, which included the motion for production of documents that he intended to file in Sunflower County Circuit Court. He claims that the state court did not receive his motion prior to dismissing the case on December 18, 2008. However, after reviewing the documents Taylor submitted in support of summary judgment, it appears that Sunflower County Circuit Court denied his motion for production of documents on November 6, 2008. *See* Doc. [20-1] at 13.

An inmate alleging denial of access to courts must assert that his ability to pursue a non-frivolous, arguable legal claim was hindered. *Brewster*, 587 F.3d at 769. Taylor has not alleged that his state court claim had merit, nor does the current record reveal a meritorious claim. He only argues that his right to access the state court was violated once officers placed him on "lockdown." Placing an inmate in solitary confinement does not automatically infringe on his or

---

[5]Since the order stayed the case for 90 days, the stay lifted on December 2, 2008.

her right of access to the courts. Likewise, that right is not affected by whether or not an inmate has been validly placed in solitary confinement. To make a claim for deprivation of his constitutional right of access to court, Taylor must describe "the underlying cause of action, whether anticipated or lost...[and] the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187, 153 L.Ed. 2d 413 (2002). The only "official acts" the Plaintiff describes are officers placing him on "lockdown" and allegedly confiscating his mail. As evidenced by the state court order, CMCF officers did not confiscate or refuse to send Taylor's motion for production of documents to the state court. Taylor provides no other proof of the officers' alleged constitutional violations at this time.[6] Therefore, he has failed to demonstrate that the Defendants or other CMCF officers interfered with his right to have meaningful access to the courts. The Plaintiff is not entitled to summary judgment on this claim. Once a *Spears* hearing has been conducted in this case, the Court will be in a better position to determine whether this claim should be dismissed or further developed.

Next, the Court evaluates the Plaintiff's procedural due process claim. The Plaintiff maintains that he was denied procedural due process when officer placed him in solitary confinement based on an allegedly false disciplinary report. Motion [20] at 3. It is unclear whether Taylor was given a hearing prior to the change in confinement. When evaluating procedural due process claims, the Court must determine whether there is a "liberty or property interest which has been interfered with by the State" and "whether the procedures attendant upon that deprivation were constitutionally sufficient." *United States v. Jones*, 664 F.3d 966, 974 (5th

---

[6]Indeed, much of the supporting documentation is not competent summary judgment evidence, either lacking authentication or unsworn.

Cir. 2011) (quoting *Meza v. Livingston,* 607 F.3d 392, 399 (5th Cir. 2010)). Here, the Plaintiff has not stated which liberty or property interest the Defendants allegedly interfered with or how the procedures provided for the alleged deprivation were constitutionally insufficient. The Plaintiff has not shown that he has a liberty interest in avoiding transfer to solitary confinement.[7] Summary judgment is not appropriate based on the current status of the pleadings and record.

## RECOMMENDATION

Based on the foregoing analysis, Plaintiff Charlie Lee Taylor is not entitled to summary judgment on his claims for denial of access to courts and denial of procedural due process. Therefore, it is the recommendation of the undersigned that Taylor's motion [20] for summary judgment should be denied.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendation, with a copy to the judge, the magistrate judge and the opposing party. The

---

[7] Taylor's discipline in solitary confinement does not present "the type of atypical significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed. 2d 418 (1995). Prisoners do not lose all constitutional rights once they are incarcerated; however, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id.* (quoting *Price v. Johnston,* 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 l.Ed. 1356 (1948)). Under certain conditions, a State may create liberty interests protected by the Due Process Clause. However, those interests are usually "limited to freedom from restraint which...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484 (internal citations omitted). *See generally, Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976) ("That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules").

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)).

SO ORDERED, this the 20th day of November, 2012.

                                                      **/s/MICHAEL T. PARKER**
                                                      UNITED STATES MAGISTRATE JUDGE