IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**CHARLIE TAYLOR**                                                                                           **PLAINTIFF**

**VS.**                                                                     **CIVIL ACTION NO. 3:11cv650-TSL-JMR**

**SEAN BANKS,** *et. al*                                                                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motions for restraining order [45]; for preliminary injunction [60] and restraining orders; and for preliminary injunction [70]. Taylor contends that he is being harassed in retaliation for filing a motion for preliminary injunction because he is allegedly not allowed to eat breakfast. [45, p. 2.] Taylor wants a restraining order issued to Commander Lee Simon and Commander Anthony Porter[1] "to stop the harassment and abuse of these corrupt prison staff members." [45, p. 3.] Taylor seeks to keep Simon and Porter from approaching him within 1500 feet of his person, and to make them produce a copy of the "personal rule" which prohibits Taylor from exercising his right to eat. [45, p. 3.] Taylor was issued a Rule Violation Report [RVR] on March 29, 2013, for failing to follow dining hall procedures and being disruptive. [45, p. 6.]

Taylor's motion for preliminary injunction filed on June 19, 2013, alleges that Taylor's prison account is "being embezzled by MSP medical staff in retaliation . . . for requesting renewal of his medical diet." [60, p. 2.] He further contends in his motion filed on September 10, 2013, that he was placed on a job in retaliation (which he does not specify what action he claims constitutes retaliation); is being treated with deliberate indifference to his medical needs because he was put on a job in which he would have to perform physical labor; and has not been treated for a "gang assault" [70, pp. 2-3.] In that motion, Taylor seeks the following relief:

---

[1] These individuals are not listed as defendants in this case.

    (a) Order Darlester Foster[2] and her subordinates to not place Taylor or classify Taylor to field operations or any other job that is deliberate indifference to his (Taylor) serious medical needs

    (b) restore Taylor back to his unit support job or leave Taylor alone and stop harassing Taylor with the writing of frivolous rule violation reports to have Taylor reclass [sic] to C-custody

    (c) Order MSP or MDOC medical staff to treat Taylor knee and Taylor's osteoarthritis condition in which Taylor is in pain today and every day.

[70, p. 5.]

    To prevail on a request for temporary restraining order or preliminary injunction, a party must demonstrate the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n. 15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976). In addition, to prevail on a retaliation claim, Petitioner must allege "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."Petitioner "must allege more than his personal belief that he is the victim of retaliation." *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999). Mere allegations of retaliation are not sufficient; Petitioner "must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* Petitioner must "allege the violation of a specific constitutional right and be prepared to establish that *but for the retaliatory motive* the complained of incident ... would not

---

[2]This individual is not listed as a defendant in this case.

have occurred." *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995) (emphasis added). None of this information was provided by Taylor.

## **RECOMMENDATION**

Taylor has not carried his burden of produce to meet the standard for either a temporary restraining order/preliminary injunction or the underlying claim of retaliation, and the Court, therefore, recommends that the motions for temporary restraining order/preliminary injunction be denied.

## **CONCLUSION**

In summary, the Court finds that Taylor has failed to meet his burden of proof to show the need for a temporary restraining order or a preliminary injunction. Therefore, the Court recommends that Taylor's motions for temporary restraining order or a preliminary injunction [45, 60 and 70] be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than December 23, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).  A copy of this R&R has been forwarded to petitioner at his last known address

by certified mail, return receipt requested.

THIS the 9th day of December, 2013.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE