**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**CHARLIE TAYLOR**                                                                                    **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 3:11cv650-TSL-JMR**

**SEAN BANKS,** *et. al*                                                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court on the motion of the Defendants, Sean P. Banks [Banks], James Holman [Holman], Sharon Paige [Paige], David Petrie [Petrie], Kimberly Qualls [Qualls], Tracey Sanders [Sanders], Roland Spann [Spann], and William Thornton [Thornton] [collectively, Defendants] for summary judgment [62] filed in this case. Also pending before the Court are motion filed by the Plaintiff, Charlie Lee Taylor [Taylor] for summary judgment [53]; to Compel Medications [65]; and to Strike [68] Defendants' Summary Judgment Motion. Taylor also filed a motion to produce certain documents [69] submitted in support of the Defendants' summary judgment motion. The Court, being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds as follows.

### STATEMENT OF THE CASE

Taylor is a post conviction inmate in the custody of the Mississippi Department of Corrections [MDOC]. He claims that while he was housed in the Central Mississippi Correctional Facility [CMCF] in January 2008, he allegedly was assaulted by CMCF officers, denied medical treatment, access to courts and procedural due process. [1.] Taylor claims that he overheard Banks speaking with Leo Green about a "cell phone operation." [1, p. 5.] Taylor contends that as a "writ writer" he was perceived as a threat to this operation so he was beaten by

Banks and "several high rankin [sic] prison staff and placed in lockdown to heal after refusing to provide him with medical care. [1, p. 5.] Taylor maintains that Banks and Paige planted a cell phone, a phone charger and a SIM card on him to "keep me from exposing the assault and cellphone operation." [1, p. 5.]

Taylor claims that officers wrote Rule Violation Reports [RVR] in retaliation for Taylor's filing of a grievance. [1, p. 6.] He claims he was denied due process during disciplinary procedures, he was placed in solitary confinement, his mail was confiscated, and individuals refused to issue certificates showing that he had exhausted administrative remedies, which result in cases he filed being dismissed. (*Id.*) He seeks monetary relief and requests that the RVR's be removed from his record. (*Id.*)

The Defendants assert that the Eleventh Amendment bars all federal law claims against state officials in their official capacity. [63, p. 3.] The Defendants maintain that all official capacity claims advanced against them should be dismissed, because there is no evidence that the State of Mississippi has waived its Eleventh Amendment immunity in this court for any of Taylor's claims. [63, p. 5.]

The Defendants also maintain that they are entitled to qualified immunity for any claims advanced against them in their individual capacities. [63, p. 6.] The burden shifts to the plaintiff to state specific facts which would overcome the qualified immunity defense. [63, p. 8.] The Defendants maintain that Taylor has failed to demonstrate a violation of a clearly established right. [63, p. 9.] Taylor contends that Thornton and Qualls falsified documents to charged him with RVRs in order to get Taylor housed in another unit. [1, p. 4.] He also claims that Banks and Paige falsified an RVR to accuse him of having contraband and assaulted him because he

overheard a discussion about smuggling cell phones into prison. [1, p. 6; 62-1; 62-2.] This allegedly resulted in a denial of Taylor's due process rights, although he had a hearing on the RVRs and was found guilty, according to the Defendants. [63, p. 10.]

The Defendants assert that any claim that Sanders and Petrie withheld the responses to the Administrative Remedy Program [ARP] fail because Taylor does not have a constitutional right to a grievance procedure. [63, p. 10.] In addition, the Defendants contend that Taylor's claim against Petrie and Sanders for denial of access to court fails because Taylor cannot establish which deadlines he missed. [63, p. 14.] The Defendants assert that the deadline he missed was in a case which was dismissed because Taylor failed to exhaust his administrative remedies, not because any deadline was missed. [*Id*.; 62-C.] Any claims brought against Holman or Spann appear to be advanced merely because of the supervisory position of these individuals, and the Defendants maintain that any claims brought against them fail because they cannot be held liable merely as supervisors and because Taylor cannot prove that he was denied his legal property. The Defendants assert that Taylor's claim of retaliation lacks merit.

The Defendants maintain that no excessive force was used against Taylor. [63, p. 15.] Stephanie Boggans was the only witness to the incident in which Taylor alleges excessive force was used against him. [Exh. A.] Banks stated that he found Taylor with contraband and, when discovered, Taylor jumped up and hit Banks in the chest and stomach area. (*Id*.) Taylor was subdued and escorted to the medical area to be examined by a nurse. (*Id*.) Taylor was punished and lost his privileges for thirty days. Taylor sustained only minor injuries in the event. [62-4, pp. 19-20.] The defendants maintain that excessive force was not used and that the defendants acted objectively reasonably. [63, p. 17.] The Defendants did not have any involvement in the

delivery of Taylor's mail.

According to the Defendants Taylor is not entitled to a claim for mental or emotional injury with a showing of physical injury. [63, p. 18.] Taylor has also failed to show an injury which would qualify him to an award of compensatory damages, according to the Defendants. [63, p. 20.]

Taylor filed a motion to strike the Defendants' motion for summary judgment, claiming that there is no genuine issue of material fact within the motion. [68, p. 3.] Taylor further claims that the Defendants did not meet the motion deadline for dispositive motions, and that the Court should dismiss the action because of Defendants' failure to comply with an order of the Court. (*Id.*) Taylor filed his own motion for summary judgment which also argues that the Defendants failed to comply with an order of this Court which would entitle Taylor to summary judgment as a matter of law. [53, p. 2.] Taylor claims that his motion for summary judgment should be granted, without providing any factual evidence other than his arguments that the motion should be granted. (*Id.*)

In addition, Taylor filed a motion to compel medications [65] in which Taylor contends that he is not receiving medications he needs. Finally, Taylor filed a motion to produce certain documents [69], in which Taylor states he should be provided copies of the medical records which were filed under seal, to protect Taylor's privacy rights, [69, p. 1.]

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of

law. FED. R. CIV. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-7 (5th Cir. 1987). "The requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Furthermore, it is well settled in this circuit that bare allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes. *Time Warner Cable, Inc. v. Hudson*, 667 F.3d 630, 636 (5th Cir. 2012).

In considering a motion for summary judgment, the court views the evidence in the light most favorable to the party resisting the motion. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012). To avoid summary judgment, the party opposing summary judgment must "go beyond the pleadings" and bring forth evidence demonstrating the existence of a triable issue of fact. *See Anderson*, 477 U.S. at 247-8; *Whitt v. Stephens Cnty*, 529 F.3d 278, 283 n.8 (5th Cir. 2008).

## ANALYSIS

At the time of his incarceration, Taylor was a post conviction inmate in the custody of the Mississippi Department of Corrections [MDOC]. He is suing each of the defendants in their individual and official capacities, and seeks compensatory damages. [1.] The court will address the claims which Taylor advances in his complaint.

I.      Eleventh Amendment Immunity

The Defendants assert that Taylor's claims against them acting in their official capacities are barred by the Eleventh Amendment. [62, p. 3.] Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government

entity he represents." *Mairena v. Foti,* 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). Accordingly, plaintiff's claims against the Defendants are in effect claims against the MDOC. Because the State of Mississippi is entitled to Eleventh Amendment immunity from plaintiff's claims asserted under Section 1983, and the MDOC is an arm of the State for purposes of Eleventh Amendment immunity, these defendants are also entitled to immunity from plaintiff's claims against them in their *official* capacities. *See* MISS. CODE ANN. § 47-5-1 *et. seq.; see also Bogard v. Cook,* 586 F.2d 399, 410 (5th Cir. 1978) (holding that official capacity claims against Mississippi State Penitentiary employees are barred by the Eleventh Amendment). Accordingly, the Court finds that the Defendant's motion for summary judgment regarding any claims advanced against them in their official capacity should be granted. Eleventh Amendment immunity, however, does not apply to plaintiff's claims for monetary damages against Defendants in their *individual* capacities. *See Hafer v. Melo,* 502 U.S. 21, 30-1 (1991) (stating that "the Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983").

II.     Qualified Immunity

The Defendants have raised the affirmative defense of qualified immunity to Plaintiff's individual capacity claims. [63, p .6.] In assessing a claim of qualified immunity, the Court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Siegert v. Gilly,* 500 U.S. 226, 231 (1991). If a violation of a right has been alleged, then it must be determined whether the defendant's conduct was objectively reasonable. Even if the conduct violates a constitutional right, qualified immunity is applicable if the conduct was objectively reasonable. *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 327 (5th Cir. 1998). The

plaintiff is required to state specific facts in his complaint to overcome the qualified immunity defense. *See Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996). According to the Defendants, Taylor has not demonstrated a violation of clearly established law in his complaint. [63, p. 9.] The Court will examine each of Taylor's complaints to determine if he has demonstrated such a violation.

III.     Due Process Claim

Taylor claims he was denied due process when the defendants allegedly did not resolve his RVR hearing in his favor and failed to respond to his ARP grievance. A prisoner does not have a federally protected liberty interest in having his grievances resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake, which is "limited to freedom from restraint which ... imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The Court recommends that the Defendants' motion for summary judgment on any due process claim relating to the resolution of Taylor's grievances should be granted.

The classification of Plaintiff in a certain level of custody and the loss of prison privileges are not an "atypical and significant hardship" of prison life. The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker,* 104 F.3d 765, 767-8 (5th Cir. 1997); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir. 1995); *see Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996). The Court finds that Taylor has failed to state a viable Due Process claim regarding his classification or loss of privileges and recommends that the motion for summary judgment on

these claims should be granted.

Even if Taylor had further complaint regarding his ARP, he was notified that he had the right to seek judicial review of the grievance on the second step response form. [62-5, p. 8.] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976). Taylor was afforded ample opportunity to address his claims, as established by the evidence. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 220 (5th Cir. 2012). The Court, therefore, recommends that the defendants' motion for summary judgment on Taylor's claims of a due process violation should be granted.

IV.  Access to Courts

Taylor contends that Petrie and Sanders denied him access to courts when they failed to provide responses regarding the ARPs he filed regarding the RVRs issued against him. [1, p. 5.] He claims he missed a court deadline when the Defendants refused to give him his legal property. [1, p. 6.] He does not specify any particular deadline he missed and the Defendants maintain that Taylor has not proven his claim of denial of access to courts. [63, pp. 13-15.]

"Prisoners have a constitutional right of access to the courts that is 'adequate, effective, and meaningful.'" *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). This right "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Actual injury is required to state a claim for denial of access to the courts. *Lewis*, 518 U.S. at 351–2. Injury will be shown when an inmate can "demonstrate that a non-frivolous legal claim has been

frustrated or was being impeded." *Id.* at 353. It is apparent to the Court from the prolific filings made in this District alone, that Taylor has not been denied access to the Court.

Taylor has not shown how any alleged lack of materials prevented him from preparing or filing a brief, and thus he has not shown the actual injury required for the filing of a denial of access to the courts claim. *See Lewis,* 518 U.S. at 350-51; *Brewer v. Wilkinson,* 3 F.3d 816, 821 (5th Cir. 1993); *Taylor v. Stanciel*, 202 Fed.Appx. 662, 663 (5th Cir. 2006). "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts - a more limited capability that can be produced by a much more limited degree of legal assistance." *Lewis*, 518 U.S. at 360. Taylor presents no evidence which demonstrates that his inability to adequately access legal materials resulted in any adverse consequences or an *actual* injury from his alleged deprivation. *Lewis*, 518 U.S. at 349. The Court recommends that the Defendants' motion for summary judgment on Taylor's right to access to courts be granted.

V.      Allegations of Retaliation

Taylor claims he was retaliated against for filing law suits. [1, p. 4; 62-5, p. 6.] He claims that RVR's were written against him because he filed grievances and lawsuits against CMCF and MDOC prison staff. (*Id*.) To state a claim for retaliation under § 1983, a plaintiff must allege the following:  (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercise of that right; (3) a retaliatory adverse act; and, (4) causation. *Jones v. Greninger,* 188 F.3d 322, 325 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner from further exercising his constitutional rights. *Bibbs v. Early,* 541 F.3d 267, 270 (5th Cir. 2008). An inmate must allege more than a *de minimis* act of

retaliation to proceed with a claim. *Morris v. Powell,* 449 F.3d 682, 684–5 (5th Cir. 2006). A single incident involving a minor sanction, is insufficient to prove retaliation. *Id.* at 685 (citing *Gibbs v. Kings,* 779 F.2d 1040, 1046 (5th Cir.1986)). An inmate's personal belief that he is a victim of retaliation and allegations of harm without proof are not sufficient to support a claim of retaliation. *Jones,* 188 F.3d at 325; *Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir. 1992).

The Plaintiff has failed to satisfy the first element necessary to maintain a retaliation claim, he does not name a specific constitutional right he was deprived of as a result of retaliation on the part of the Defendants. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano,* 427 U.S. 215, 224 (1976); *Wilson,* 976 F.2d at 958; *Grabowski v. Lucas,* 40 F.3d 386 *3 (5th Cir. 1994); MISS. CODE ANN. §§ 47–5–99 to 103 (1993). Since inmates have no right to a particular housing assignment, the Plaintiff has failed to satisfy the first element of a retaliation claim.

Taylor also failed to allege the existence of an action taken against him. A transfer to another unit within the prison does not qualify as an "adverse act." *See Tighe v. Wall,* 100 F.3d 41, 42 (5th Cir. 1996). Other than reciting allegation of retaliation, Taylor does nothing to establish an intent by any of the defendants to retaliate against him. Nor does the plaintiff allege an adverse act that caused him any injury. Because the plaintiff has failed to allege the violation of a specific constitutional right relating to the alleged retaliation, the plaintiff has failed to state a cognizable retaliation claim. *Jones,* 188 F.3d at 324-5 (holding that failure to identify a specific constitutional right that defendants violated warrants dismissal).

VI.   Excessive Force

Whenever prison officials stand accused of using excessive physical force for the purpose of institutional security by a detainee, the appropriate analysis is as follows: whether the measure taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia v. Wiggins*, 981 F.2d 1440, 1446 (5th Cir. 1993). Taylor must prove the following to establish a valid excessive force claim: (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable. *Glenn v. Tyler,* 242 F.3d 307, 314 (5th Cir. 2001).

In this case, Taylor claims that Banks used excessive force against him when he allegedly jumped on him while he was in bed and started beating him. [1, p. 5.] He claims he was beaten while in handcuffs and placed in lockdown. (*Id*.) He does not outline any injuries he may have received. (*Id*.) Taylor contends that he "appealed the assault" in RVR #627330. (*Id*.) That RVR is dated August 24, 2008, and provides that Taylor was written up for assaulting Banks by hitting him on the stomach and chest, and hitting his shoulder while trying to run. [62-2, p. 1.] Leo Green was listed as a witness to the event. (*Id*.) Taylor was placed in isolation for twenty days as punishment for the violation. (*Id*.) Stephanie Boggans submitted a statement about the event in which she states that while she was in the tower, she saw the scuffle and observed Taylor strike Banks. [62-2, p. 4.]

Medical records for August 24, 2008, noted lacerations and bruising and normal range of motion. [67, p. 19.] The document was a "pre-lockdown health evaluation" and included a drawing with areas of injury marked. [67, pp. 19-20.] The injuries noted were small reddened

11

areas, with some bruising and superficial scratches to the knee. [67, p. 20.]

Taylor's claims are properly considered as a claim of a violation of his substantive due process rights under the Fourteenth Amendment. *Petta v. Rivera,* 143 F.3d 895, 911 (5th Cir. 1998). Under the Fourteenth Amendment standard, the court must consider whether the defendants' "actions caused [plaintiff] any injury, were grossly disproportionate to the need for action under the circumstances and were inspired by malice rather than merely careless or unwise excess of zeal so that [they] amounted to an abuse of official power that shocks the conscience." *Petta,* 143 F.3d at 902; *see Valencia*, 981 F.2d at 1446. Taylor is required to show that he suffered at least some form of injury. *Lockett v. New Orleans City,* 607 F.3d 992, 998 (5th Cir. 2010). The core inquiry when a prisoner alleges excessive force is not whether a certain amount of injury resulted, but whether the force was applied in a good-faith effort to maintain discipline or maliciously and sadistically for the very purpose of causing harm. *Wilkins v. Gaddy,* 559 U.S.34, 37 (2010).

The Defendants claim that Banks' actions were necessary to restore order, because Taylor initiated the assault. [63, pp. 16-17.] According to the Defendants, Taylor suffered only minor injuries after scuffling with a guard. [63, p. 17.] The Court finds that Plaintiff's claim does not show the magnitude or aberrant nature of excessive force necessary to meet the constitutional standard, and further concludes that these claims should be dismissed on summary judgment. *See Siglar v. Hightower,* 112 F.3d 191, 194 (5th Cir. 1997).

VII. <u>Objectively Reasonable Actions by Defendants</u>

Out of an abundance of caution, the Court will determine whether the Defendants' actions were objectively reasonable for purposes of qualified immunity. To be clearly

established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). In essence, a Plaintiff must allege facts sufficient to demonstrate that no reasonable officer could have believed his actions were proper. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *Brown v. Callahan* 623 F.3d 249, 253 (5th Cir. 2010), *cert. denied* 131 S.Ct. 2932 (2011). As discussed above, Taylor has presented no issue of fact that these Defendants violated any of Taylor's constitutional rights in the circumstances advanced in this complaint. The Court recommends that the Defendants are entitled to qualified immunity in this case, and that the motion for summary judgment should be granted. *See Brown*, 623 F.3d at 257.

VIII. <u>Taylor's Motions for Summary Judgment and Other Relief</u>

Taylor asserts that he is entitled to summary judgment because the Defendants allegedly did not comply with an order issued by this Court. [53, p. 2.] There is no basis in Taylor's pleading to support granting summary judgment in his favor, and the Court recommends that the motion be denied. *Horton v. City of Houston,* 179 F.3d 188, 191 (5th Cir. 1999).

Taylor's motion to strike the Defendants' motion for summary judgment, claiming that the motion was untimely and lacks a factual basis. [68, p. 3.] The dispositive motion deadline in this case was reset to July 13, 2013. [Text Only Order dated June 26, 2013.] The Defendants' summary judgment motion was filed on July 11, 2013. [62.] The Court finds no reason to strike the summary judgment motion, and recommends that Taylor's motion to strike be denied.

Taylor sought a motion to compel medications [65] however, the complaint in this case does not include this claim. [1.] Accordingly, the Court recommends that the motion be denied.

13

Finally, Taylor filed a motion to produce [69] certain documents, specifically the medical records which the Court ordered by filed under seal to protect the plaintiff's privacy. These records were sent to Taylor on April 12, 2013, pursuant to the Court's order regarding discovery. [55.] The Court recommends that the motion to produce be denied.

## Conclusion

For the reasons set forth above, this Court recommends that the Defendants' motion for summary judgment [62] on all claims advanced by Taylor against these Defendants in their individual and official capacities under § 1983 should be granted and this case should be dismissed with prejudice. The Court further recommends that Taylor's motions for summary judgment; to compel medication; to strike the Defendants' motion for summary judgment; and to produce certain documents be denied. [53, 65, 68, 69.]

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than December 30, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to

fourteen days). A copy of this R&R has been mailed to Taylor by certified mail, return receipt requested, at his last known address.

This the 16th day of December, 2013.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE