```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                  NORTHERN DIVISION
```

CHARLIE LEE TAYLOR                                          PLAINTIFF

VS.                                CIVIL ACTION NO. 3:11CV650TSL-JMR

SEAN P. BANKS, ET AL.                                      DEFENDANTS

ORDER

This cause is before the court on the objections of plaintiff Charlie Lee Taylor to the magistrate judge's December 16, 2013 report and recommendation, which recommended that defendants' motion for summary judgment be granted and that all of plaintiff's motions, save his motion for a preliminary injunction,[1] be denied.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the report and recommendation, as well as plaintiff's objections, and all other relevant documents in the record, and having made a <u>de novo</u> review of the objected-to portions of the report and recommendation, the court adopts in part and rejects in part the findings and conclusions of the magistrate judge.  Specifically, the court adopts the magistrate judge's findings and conclusions with regard to the proposed disposition of plaintiff's pending motions, as well as to the disposition of plaintiff's official capacity claims against all

---

[1] The magistrate judge recommended denial of this motion via a separate report and recommendation.

defendants and the individual capacity claims against all defendants, except Sean Banks and Sharon Paige, whom Taylor alleges assaulted him while he was in his bed and later while he was handcuffed. With regard to plaintiff's Eighth Amendment excessive force claim against Banks and Paige, having reviewed the record, the court now concludes that the evidence, construed in the light most favorable to Taylor, reveals the existence of genuine issue of material fact concerning whether the injuries suffered as a result of the alleged incident were de minimis. See Brown v. Lippard, 472 F.3d 384, 387 (5th Cir. 2006). Further, additional issues of fact exist regarding whether Banks and/or Paige assaulted Taylor or otherwise injured him and, if so, whether this was done maliciously or in a good faith effort to restore discipline.[2]

---

[2] In support of their motion, defendants submitted copies of two rules violations reports issued by Banks following the August 24, 2008 incident with Taylor. According to these document during a security check, Banks found Taylor in bed with a cell phone and cell phone charger and upon being discovered with this contraband, Taylor stuck a SIM card in his mouth and attempted to flee. Per the RVRs, during his flight, Taylor hit Banks with force in the chest, after which Banks restrained him and took him to see the facility's nurse. While the narrative contained in these documents does counter the allegation that Banks maliciously assaulted Taylor in his bed and would seem to supply a good faith reason for this particular use of force by Banks, it does not touch upon the further allegation that Banks and Paige later assaulted Taylor while he was hand cuffed and was presumably defenseless. In support of the motion, defendants also submitted an unsigned statement by fellow guard Stephanie Boggan, by which Boggans recites that she saw Banks and Taylor scuffling and saw Taylor assault Banks. Taylor specifically and understandably

2

Accordingly, based on the foregoing, it is ordered that the December 16, 2013 report and recommendation is adopted in part and rejected in part. It is further ordered that defendants' motion for summary judgment is granted in part and denied in part. It is additionally ordered that plaintiff's motions for summary judgment, to compel medication, to strike defendants' motion for summary judgment and to produce certain documents are denied.

Finally, as the court's review of the complaint demonstrates that Taylor's compliance with 42 U.S.C. § 1997e (requiring prisoner's exhaustion of administrative remedies prior to filing suit), is questionable and as defendants raised this affirmative defense via their answer, in an effort to conserve the considerable judicial resources which would be expended in conducting a jury trial, the court will afford defendants an opportunity to file a motion for summary judgment raising the issue of exhaustion. Dillon v. Rogers, 596 F.3d 260, 272-73 (2010)(concluding that exhaustion is threshold issue which is preferably addressed via motion for summary judgment and stating that judge may decide factual issues related to exhaustion without

---

objects to the court's consideration of this unsigned document. While the court agrees that the unsigned statement is not competent proof, it, in any event, addresses only the complaint that Banks attacked Taylor in bed and not the additional charge that plaintiff was beaten while hand cuffed. In fact, the defendants have presented no proof nor offered any argument bearing on this allegation.

aid of jury).  Accordingly, defendants may file a motion for summary judgment on the issue of exhaustion on or before April 11, 2014.[3]

SO ORDERED this 11th day of March, 2014.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

[3] In the event that defendants decline this opportunity, the court will enter an order setting the matter for trial and dealing with any outstanding pretrial matters.