**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHARLIE LEE TAYLOR, #R6798**                      **PLAINTIFF**

**V.**                           **CASE NO. 3:11cv650-TSL-JCG**

**SEAN P. BANKS AND SHARON PAIGE**           **DEFENDANTS**

## REPORT AND RECOMMENDATION

Before the Court is the motion for preliminary injunction filed by Plaintiff Charlie Lee Taylor on October 27, 2014. [103]. Having considering the facts and applicable law, the undersigned issues this report and recommendation that the motion [103] be denied.

## Facts

Charlie Lee Taylor is a prisoner in the custody of the Mississippi Department of Corrections (MDOC) who filed a complaint [1] pursuant to 42 U.S.C. § 1983 against prison officials at the Central Mississippi Correctional Facility (CMCF). The majority of the parties sued and claims asserted were dismissed pursuant to the order [87] entered on March 11, 2014:

> Specifically, the court adopts the magistrate judge's findings and conclusions with regard to the proposed disposition of plaintiff's pending motions, as well as to the disposition of plaintiff's official capacity claims against all defendants and the individual capacity claims against all defendants, except Sean Banks and Sharon Paige, whom Taylor alleges assaulted him while he was in his bed and later while he was handcuffed.

In the instant motion, Taylor states that Defendant David Petrie has improperly processed three (3) administrative grievance requests that were submitted by Taylor after this lawsuit was filed:[1]

---

[1] All excerpts are quoted directly from the underlying administrative record. Any spelling, grammar, punctuation, or other typographical errors appear in the original.

That Taylor contends that David Petrie has retaliated against the plaintiff for exercising his First Amendment Right to redress the Courts. … Taylor submitted three (3) grievances to David Petrie pursuant to MDOC Policy 20-08-01 and placed all three grievances in the black box at Unit 29 D Building as standard operation procedures requires. See Exhibit B, June 23, 2014, July 16, 2014, and August 4, 2014 sensitive issue grievances.

\*       \*       \*

That after Taylor wrote Unit 29 Warden Marshal Turner concerning the three pending ARP's Taylor received a letter from David Petrie on October 3, 2014 dated September 8, 2014 with a copy of the September 3, 2014 Letter of Taylor to David Petrie. See Exhibit C, Letter dated 9-30-14, 9-8-14, and 9-3-14. Taylor further contends that he should be excused or remedies deemed exhausted because prison staff have ignored his claim or intered with Taylor pursuit of administrative remedy. … Taylor has made numerous requests to prison officials concerning the status on the three grievances. See Exhibit D, 10-13-14 and 10-7-14 Letters.

\*       \*       \*

[103, ¶2-3].

## Analysis

To the extent that the instant motion seeks to re-raise a retaliation claim against Defendant David Petrie, it should be denied because Taylor asserted the same retaliation claim against Defendant David Petrie in his complaint [1, p.6] and all claims against Defendant David Petrie were dismissed on March 11, 2014. [87].

The motion should also be denied to the extent that Taylor seeks to use the three(3) "sensitive issue grievances" as evidence that he "properly" exhausted all "available" administrative remedies in accordance with 42 U.S.C. § 1997e(a) prior to filing this lawsuit in 2011.[2] The administrative processing of three (3) "sensitive issue grievances" in 2014 is

---

[2] Compare [88] Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust his Available Administrative Remedies filed by Defendants Sean Banks and Sharon Paige on April 11, 2014; with [101] Motion Opposing Summary Judgment filed by Plaintiff Charlie Lee Taylor on October 6, 2014.

irrelevant to whether the "available" administrative remedies were "properly" exhausted by Taylor with respect to the 2008 grievance from which this lawsuit arises.[3]

Taylor thus fails to show that the requirements for the issuance of a preliminary injunction under Federal Rule of Civil Procedure 65 are satisfied in this case, and therefore the instant motion [103] should be denied. *See La Union Del Pueblo Entero v. Fed. Emergency Management Agency*, 608 F.3d 217, 219 (5th Cir. 2010) ("A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.").

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that the [103] motion for preliminary injunction filed by Plaintiff Charlie Lee Taylor be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, each party has fourteen (14) days to serve and file written objections to the Report and Recommendation; the objections must be filed with the Clerk of this Court, and must serve them upon the other parties and submit them to the assigned District Judge. Within seven (7) days of service of the objection, the opposing party or parties must either serve and file a

---

[3] *Lizotte v. Leblanc*, 456 Fed.Appx. 511 (5th Cir. 2012) ("Lizotte argues that the defendants did not adhere to the administrative procedures for handling grievances and should therefore be estopped from asserting that he failed to exhaust his administrative remedies via the prison grievance process. However, Lizotte has not demonstrated that the equitable doctrine of estoppel applies. His backlogged (and subsequently withdrawn) claims were the result of his own litigiousness. The backlog did not result from any impediment created by prison officials. Nor did Lizotte's failure to exhaust his claims result from any such impediment.").

response or notify the District Judge that they do not intent to respond to the objection. An objecting party must specifically identify those findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object.

Signed, this the 10th day of February, 2015.

*s/ John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE